

# THE ATTORNEY GENERAL
## OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

March 8, 1966

Hon. Don Nugent
District Attorney
109th Judicial District
P. O. Box 1076
Kermit, Texas

Opinion No. C-634

Re: Questions relating to the
civil and criminal enforce-
ment of support orders, and
to Article 2328b-4, Vernon's
Civil Statutes, Acts 59th
Legislature, 1965, Ch. 679,
page 1561, the new Texas
Uniform Reciprocal Enforce-
ment of Support Act.

Dear Mr. Nugent:

You have requested our opinion as to the answers to
questions relating to the civil and criminal enforcement of
support orders, and to Article 2328b-4, Vernon's Civil Sta-
tutes, Acts. 59th Legislature, 1965, Ch. 679, page 1561, the
new Texas Uniform Reciprocal Enforcement of Support Act.

Your first question may be stated as follows:

In the event that a local resident
defaults on the support payments which he
has been ordered by a local Texas court
to make in response to a petition presen-
ted to the court, by an initiating state,
for enforcement of a support order under
Article 2328b-4, whether the Texas court
may punish the defaulting defendant by
contempt proceedings, without a new com-
plaint being filed by the initiating state.

Section 2328b-4 provides in part:

"... (T)he court of this State when
acting as responding state has the power
to subject the defendant to such terms and
conditions as the court may deem proper to
assure compliance with its orders and in
particular:

"..."

"(c)  To punish the defendant who shall
violate any order of the court to the same
extent as is provided by law for contempt of
the court in any other suit or proceeding
cognizable by the court."  (Emphasis supplied)

The above quoted portion of Article 2328b-4 reveals
that the Legislature did not contemplate that a second peti-
tion from the initiating state would be necessary in order
for the Texas court to enforce its order by contempt pro-
ceedings.

Your remaining questions are set out in the body of
your request as follows:

"II.  The new law suggested perhaps
that before a criminal complaint is filed
and extradition applied for that there
should have been resort to the civil por-
tion of this act at least ninety days be-
fore the criminal action is initiated.

"1.  My question is should we as a
matter of form resort to the civil action
first, then wait ninety days before filing
the criminal complaint and asking for extra-
dition?

"2.  My next question is if, in fact,
we make application for extradition without
the prior civil action being inaugurated
and the extradition papers are approved and
signed by the Governor, is it safe to as-
sume that the ninety day compliance will not
be required?

There is no ninety day period mentioned in Article
2328b-4 in the connection which you suggest.  However,
Section 5 of Article 2328b-4 does allow the Governor to
seek extradition to enforce support payments due Texas resi-
dents, and Section 6 of Article 2328b-4 provides as follows:

"Sec. 6.  (a)  Before making the demand
on the Governor of any other state for the
surrender of a person charged in this State
with the crime of failing to provide for the
support of any person, the Governor of this
State may require any prosecuting attorney
of this State to satisfy him that at least

sixty (60) days prior thereto the obligee brought an action for the support under this Act, or that the bringing of an action would be of no avail.

"(b)  When under this or a substantially similar Act, a demand is made upon the Governor of this State by the Governor of another state for the surrender of a person charged in the other state with the crime of failing to provide support, the Governor may call upon any prosecuting attorney to investigate or assist in investigating the demand, and to report to him whether any action for support has been brought under this Act or would be effective.

"(c)  If any action for the support would be effective and no action has been brought, the Governor may delay honoring the demand for a reasonable time to permit prosecution of an action for support.

"(d)  If an action for support has been brought and the person demanded has prevailed in that action, the Governor may decline to honor the demand.

"(e)  If an action for support has been brought and pursuant thereto the person demanded is subject to a support order, the Governor may decline to honor the demand so long as the person demanded is complying with the support order."

Criminal and extradition proceedings proved highly unsatisfactory as a method of enforcing child support against a defendant who crossed state lines; hence the enactment of the uniform reciprocal enforcement of support legislation by the states.  It was primarily for this reason that the National Conference of Commissioners on Uniform State Laws and the American Bar Association recommended to the states the adoption of said Act.  Commissioners' Prefatory Note to the Uniform Reciprocal Enforcement of Support Act, Handbook of Commissioners on Uniform State Laws, (1950), page 171.  The purpose of Article 2328b-4 and analogous legislation adopted by other states, as shown by the Commissioner's Prefatory Note to the Model Act, supra, was not to punish a defendant, but to force him to meet his legal obligations to support his dependants. Jailing the Defendant or extraditing him does not directly

serve the purpose of supporting the dependants or of relieving the states from a burden on their welfare rolls. Therefore, the criminal sections of Article 2328b-4 were intended only to be used if the bringing of a civil action would be of no avail, or after civil action has failed to produce results.

It is our opinion that, in most instances, it would be advisable to bring a civil action before criminal extradition proceedings are brought - not as a matter of form, but because by a civil proceeding the purpose of Article 2328b-4 is more directly served.

The Governor in his discretion need not require prior resort to the civil courts as a condition precedent to his honoring the demand for extradition. However, if a civil action is not brought you may not safely assume that extradition will be honored, since the Governor of a responding state, acting under legislative enactments similar to Article 2328b-4 may require an attempt to be made to secure relief through a civil action before he will honor the demand for extradition.

### SUMMARY

1. Having entered an order under Article 2328b-4, V.C.S., against a local resident to enforce a support order of an out-of-state court, the Texas Court may enforce that order - through contempt proceedings if necessary - on its own motion and without a new complaint being filed by the initiating state.

2. Smooth processing of an action upon extradition papers filed under Article 2328b-4, V.C.S., can best be obtained if a bona fide attempt to collect back payments by civil process under the civil sections of Article 2328b-4 has proceeded the filing of extradition papers by a period of at least sixty days.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: *Larry J. Craddock*
LARRY J. CRADDOCK
Assistant Attorney General

LJC:cm

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Kelley
Douglas Chilton
John Banks
Charles Bardwell

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright